## THIS WEEK'S DIGEST
## Cases Published in the Abstract

### No. 123

No. 19372—The London Guarantee & Accident Co. v. The Empire Plow Co. Error to the Court of Appeals of Cuyahoga County.

647. INSURANCE—Where credit policy by its terms covers only losses occurring, on bona fide sales shipped and delivered in insured's business, and provides that no account is covered unless the debtor at date of shipment and delivery, had stipulated credit rating, the delivery referred to is the actual delivery, insured cannot recover for losses when the debtor, at time of shipment, did not have required credit rating.

MATTHIAS, J.

1. Where a credit insurance policy by its terms covers only losses occurring "on bona fide sales of merchandise - - - shipped and delivered in the usual course of the insured's business", and contains a provision that no account is covered unless the debtor at "the date of shipment and delivery" had a stipulated credit rating in the published report of a specified mercantile agency, the date of shipment and delivery therein referred to is the time of actual delivery to the debtor or to the carrier for transportation to the debtor.

2. The insured cannot recover on such policy for losses occasioned by reason of shipment and delivery of merchandise to a debtor who at the time of such shipment and delivery did not have the required credit rating as provided in the policy.

Judgment reversed.

Marshall, CJ., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.

(Continued from page 93)
### No. 121
First Publication of this Case

### DONLEY v. STATE

No. 20251. Supreme Court

On motion to certify. Dock. Jan. 5, 1927, 5 Abs. 27.

333. CRIMINAL LAW—Is fact that fine and sentence not complying with Sec. 13717 GC. which provides that persons so imprisoned shall receive credit of $1.50 per day to apply on fines, ground for reversal?

Mose Donley contends in the Supreme Court that failure to comply with Sec. 13717 GC. which provides a credit of $1.50 per day to apply on fine, and because of such omission he is entitled to reversal.

Attorneys—Wm. J. Corrigan for Donley; G. E. Hartshorn for State; all of Cleveland.

### 27. ACTIONS.

Where the plaintiff in an action fails otherwise than upon the merits, and the time limit under 11233 GC. for a new action at the date of reversal or failure has expired, plaintiff has not the right to commence a new action a year after affirmance of the judgment of the trial court. Price v. Kobacker Fur. Co. OA. 5 Abs. 86.

### 118. AUTOMOBILES.

The purpose of a provision in a policy agreement whereby the insurance company shall not be liable while an automobile is being used for any purposke in violation of any State or Federal law, is to exclude the risk in favor of the insured where he violates the provisions of 12628-1 GC. by operating a motor vehicle upon a public highway in a state of intoxication. Great Amer. Ind. Co. v. Shelley. OA. 5 Abs. 88.

### 293. CONTEMPT.

1. Where a person is charged with violation of injunction, master may be appointed to take testimony, and report finding to court. But accused must be given opportunity to be present before master and have objections to evidence noted, and be present in open court, present the questions and be heard upon merits of the proceeding. Evidence need not have been taken in open court. Pilliod v. Searles. OS. 5 Abs. 94.

### 297. CONTRACTS.

When time is the essence of a contract, and the party benefitted thereby voluntarily extends the time limit, such party cannot arbitrarily rescind without giving notice in order to allow the other party su;cient time to either perform or pay. Ohio Tool Co. v. Lang et. OA. 5 Abs. 88.

### 465. ERROR.

Where defense to note is that payee agreed to sell automobile of maker and pay to him all over and above the note and mortgage on the automobile, and payee testifies that he had the car sold, court is in error to arrest the case from the jury and to direct a verdict in favor of the payee where the agreement as set forth was made. Russell et v. Brady. OA. 5 Abs. 85.

Where upon trial in a murder case, evidence of a confession is introduced through a witness other than the defendant, it is error for the trial judge to overrule questions of the defendants' counsel which would tend to show the confession was not voluntary.. Koshienski v. State. OA. 5 Abs. 72.

### 480. EVIDENCE.

Where witness other than defendant through his testimony, introduces the confession of accused, such is not mere admission of guilt and requires preliminary proof that same was voluntary. Koshienski v. State. OA. 5 Abs. 72.